UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL GENE DUNLAP,<br><br>             Petitioner,<br><br>   v.<br><br>M. ARVIZA,<br><br>             Respondent. | No.  1:22-cv-01485-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DECLINE TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 1)<br><br>Clerk of the Court to Assign District Judge |

Petitioner Carl Gene Dunlap ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On November 17, 2022, Petitioner filed the instant petition while in custody of the Bureau of Prisons at Federal Correctional Institution, Mendota ("FCI Mendota"), in Mendota, California. *Id.* For the reasons set forth below, the undersigned recommends the petition be dismissed.

**I.      Background**

Petitioner was convicted of prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in May 2015 in the United States District Court for the District of Oregon. He had three prior criminal convictions, all in the state of Oregon: a 2001 conviction for robbery III; a 2004 conviction for assault III; and a 2013 conviction for coercion. *United States v. Dunlap*, No. 1:14-CR-00406-AA, 2017 WL 4833424, at *1 (D. Or. Oct. 24, 2017). On February 17, 2016,

he was sentenced to 120 months, "concurrent with the remaining three months of a prior three-year sentence for [c]oercion imposed by the Oregon state courts. Dunlap did not file a direct appeal of his sentence." *Id.* at *2.

Petitioner later filed a motion to vacate or correct the sentence under 28 U.S.C. § 2255. *See id.* Among the issues raised, Petitioner argued "that he was not properly awarded credit for time served under his concurrent sentence." *Id* at *3. The court noted it had not ruled in sentencing Petitioner that he would receive credit for the time he had previously served in state custody on the unrelated coercion conviction, nor that Petitioner's federal sentence would be reduced to account for the time already served on the state sentence. *Id.* at *4. The court explained, in other words, that the time Petitioner spent in custody awaiting disposition of his federal charges had been credited against the undischarged term of his state sentence for coercion, and that, consistent with 18 U.S.C. § 3585(b), it was not credited to his federal sentence. *Id*. Petitioner's motion for a certificate of appealability was denied. *United States v. Dunlap*, No. 17-35958, 2018 WL 6314631, at *1 (9th Cir. Mar. 12, 2018).

Petitioner filed the instant petition under § 2241, alleging he "did not get correct jail credit." (Doc. 1 at 2). He claims he is "not receiving full jail credit even though the judge ordered my sentence to run concurrently with my state [sic] BOP refused to credit time. State that I cannot receive jail credit on two sentences." *Id.* at *6. He cites to attached pages of the transcript of his sentencing hearing in the District of Oregon, specifically lines 6 through 13. *Id.* at *9-10. He also attaches his BOP administrative remedy documents. *Id.* at *11-18. He seeks to have his sentence "reflect all time served" as ordered by the judge. *Id.* at *7.

**II.     Applicable Law**

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court should summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court..." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Rule 4). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4,

2

pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

"As a general rule, [28 U.S.C.] § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quotations and citations omitted). Thus, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under § 2255. *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011).

In contrast to challenges to the legality of a conviction and sentence, a petition by a federal prisoner challenging the manner, location, or conditions of a sentence's *execution* is brought under 28 U.S.C. § 2241 in the district of confinement. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). The BOP's calculation of sentencing credit is an issue pertaining to the execution of a sentence which a habeas petitioner may challenge through such a petition. *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015).

Res judicata is inapplicable in habeas proceedings. *Sanders v. United States*, 373 U.S. 1, 8 (1963). However, when a prisoner files multiple petitions for habeas corpus relief, the abuse of the writ doctrine as set forth under 28 U.S.C. § 2244(a) may bar his claims:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

The abuse of writ doctrine codified under § 2244(a) applies in § 2241 proceedings. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996) (noting in § 2241 action that § 2244's restrictions on successive petitions "constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ'"); *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) ("§ 2244(a) prevents a federal inmate from using § 2241 'to call into question the validity of a conviction or sentence that has already been subject to collateral review.'") (quoting *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998)); *Wilson v. Wrigley*, No. CV F 07-00142 LJO DLB HC, 2008 WL 4845225, at *3 (E.D. Cal. Nov. 7, 2008) (same).

///

3

**III.     Discussion**

In this case, Petitioner brings a § 2241 petition after having brought a § 2255 petition in the sentencing court in which he raised precisely the same issue as presented here – whether his sentence is properly calculated as having been imposed concurrent with an undischarged state court-imposed sentence.

To the extent Petitioner challenges the sentencing court's imposition and the validity of his sentence, this Court lacks jurisdiction to entertain the claim because it is within a sentencing court's discretion to determine the extent to which a federal sentence runs concurrent or consecutive to a state court-imposed sentence. *See Setser v. United States*, 566 U.S. 231, 236-37 (2012).[1]

To the extent Petitioner challenges the BOP's calculation of his sentence and credit he should receive consistent with the sentencing court's imposition of a concurrent sentence, this Court has jurisdiction to consider the claim. *See, e.g., Zavala*, 785 F.3d at 370 n.3 ("A defendant may then challenge BOP's calculation – in other words, the execution of the sentence – by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241.").

Because this Court has jurisdiction over Petitioner's sentence execution claim, ordinarily, the undersigned would enter an order requiring Respondent to file a response to the petition. Here, however, no response is necessary because the sentencing court already considered and ruled on Petitioner's sentence execution claim and, thus, the instant petition is barred under the abuse of the writ doctrine.

In his earlier § 2255 petition, Petitioner argued that he was not given credit for time served, despite the sentencing court's oral pronouncement that he would receive a concurrent sentence. *Dunlap*, 2017 WL 4833424, at *2. The court rejected Petitioner's claim, noting that it had not ruled that Petitioner would receive credit for the time he had previously served in state

---

[1] Petitioner does not purport to invoke the "savings clause" or "escape hatch" under § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of [their] detention." *Alaimalo*, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255). Indeed, Petitioner could not satisfy the § 2255(e) inadequate/ineffective standard given that he did raise in his earlier habeas petition precisely the same issue for decision here.

custody on the unrelated coercion conviction, nor that Petitioner's federal sentence would be reduced to account for the time already served on the state sentence. *Id*. at *4. The court further ruled that BOP correctly began calculating Petitioner's sentence on February 17, 2016 (the date of his federal sentencing) and that the time Petitioner spent in custody awaiting disposition of his federal charges was credited against the undischarged term of his state sentence for coercion, consistent with 18 U.S.C. § 3585(b). *Id.* The Court of Appeals declined to issue a certificate of appealability. *Dunlap*, 2018 WL 6314631, at *1

Petitioner presents in the instant petition the same issue that was conclusively decided in the earlier habeas action. Specifically, Petitioner advances as to sole claim: "I am not receiving full jail credit even [though] Judge ordered my sentence to run concurrently with my state [sentence]. BOP refuses to credit time." (Doc. 1 at 6). In ruling on Petitioner's earlier habeas petition in the District of Oregon, the district court rejected this claim. Accordingly, the abuse of the writ doctrine bars Petitioner from advancing the same sentence execution claim in this habeas action. *See Torres-Hurtado v. Zuniga*, 707 Fed. Appx. 913, 913-14 (9th Cir. 2017) (affirming under abuse of the writ doctrine dismissal of § 2241 petition challenging BOP's alleged failure to effectuate sentencing court's imposition of concurrent sentences because a district court previously had considered and denied the same claim); *Del Raine v. Adams*, 58 Fed. Appx. 762 (9th Cir. 2003) ("The district court properly dismissed Del Raine's [§ 2241] petition as successive because he raises the same [execution of sentence] claims raised in a prior habeas petition, and denied on the merits by the Middle District of Pennsylvania"); *Brown v. Grondolsky*, No. 08–5811 (NLH), 2009 WL 3030082, at *5 (D. N.J. Sept. 16, 2009) (dismissing § 2241 petition under abuse of writ doctrine because petitioner's sentence computation claim was denied in earlier habeas proceeding where court found that the BOP properly applied credits for time served) (citing *inter alia Razzoli v. FCI Allenwood*, 200 Fed. Appx. 166, 168 (3d Cir. 2006) ("this claim has already been adjudicated by the Eastern District of New York.... Thus, bringing the claim again at this time [in a § 2241 petition] is barred by the doctrine of abuse of the writ.")).

///

///

### IV. Conclusion and Order

The Clerk of the Court is DIRECTED to randomly assign a district judge.

For the foregoing reasons, it is HEREBY RECOMMENDED that the petition for habeas corpus (Doc. 1) be dismissed with prejudice and that the Court decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. **Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge** when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **December 17, 2024**                                              
                                                  UNITED STATES MAGISTRATE JUDGE