# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL GENE DUNLAP,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>M. ARVIZA,<br><br>　　　　Respondent. | Case No.: 1:22-cv-1485 JLT CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Doc. 6) |

　　　　Carl Gene Dunlap is a former[1] federal prisoner with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking review of a sentence imposed upon him in the Oregon District Court. (Doc. 1 at 2.) Petitioner claims he was not properly awarded credit for time served, despite a ruling that his federal and state sentences should run concurrently. (*Id.* at 2, 6-7.)

　　　　The assigned magistrate judge performed a preliminary review of the petition and observed "Petitioner brings a § 2241 petition after having brought a § 2255 petition in the sentencing court in which he raised precisely the same issue as presented here – whether his sentence is properly calculated as having been imposed concurrent with an undischarged state court-imposed sentence." (Doc. 6 at 4.) The magistrate judge found that to the extent Petitioner challenges the imposition and

---

[1] A search of the Bureau of Prisons inmate locator database shows Petitioner, BOP Register No. 76624-065, is "[n]ot in BOP [c]ustody as of: 01/05/2024." *See* Find an Inmate, BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited January 10, 2025), archived at https://perma.cc/7DWH-ATAF.

1

validity of his sentence from the sentencing court, "this Court lacks jurisdiction to entertain the claim." (*Id.*)  Although the Court has jurisdiction over a challenge to the calculation of his sentence by the BOP, the magistrate judge found "the same issue that was conclusively decided in the earlier habeas action" by the Oregon District Court.  (*Id.* at 4-5.)  Therefore, the magistrate judge determined "the instant petition is barred under the abuse of the writ doctrine" (*id.* at 4), and recommended the petition be dismissed.  (*Id.* at 6.)

The Court served the Findings and Recommendations on Petitioner at the only address of record and notified him that any objections were due within 14 days.  However, the U.S. Postal Service returned the Findings and Recommendations as "Undeliverable, No Longer at this Address." Nevertheless, service upon Petitioner is deemed fully effective.  *See* Local Rule 182(f) ("Each ... pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.").

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The findings and recommendations issued on December 17, 2024 (Doc. 6), are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED** with prejudice.
3. The Clerk of Court is directed to close the case.

In the event a notice of appeal is filed, a certificate of appealability is not required.[2]

IT IS SO ORDERED.

Dated:  **January 13, 2025**

UNITED STATES DISTRICT JUDGE

---

[2] A certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in an habeas proceeding in which the detention complained of arises out of process issued by a state court.  *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see also Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).